

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Gary Moy
Associate
212.471.4409 direct
212.583.9600 main
gmoy@littler.com

November 13, 2020

**VIA ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re: **John Bates v. Union Square Hospitality Group, LLC, et al.**,
No. 20 Civ. 6350 (AJN)

Dear Judge Nathan:

This firm represents Defendants Union Square Hospitality Group, LLC ("USHG"), Dylan Shipsey, Lucy McGinty, Megan Henne, and Kimberly Yu in the above-referenced matter. Defendants write, in advance of the initial conference scheduled for November 20, 2020, to respectfully request that the Court stay discovery pursuant to Fed. R. Civ. P. 26(c) pending (i) the outcome of Defendants' fully dispositive Rule 12(b)(6) motion to dismiss or, at the very least, (ii) Plaintiff's filing of an amended complaint. Plaintiff consents to the portion of Defendants' request to stay discovery pending Plaintiff's filing of an amended complaint.

**I.   COMMON SENSE, EFFICIENCY, AND THE WEIGHT OF LEGAL AUTHORITY FAVOR STAYING DISCOVERY UNTIL THE COURT RESOLVES THE MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. Rule 26(c), courts have discretion to stay discovery for good cause pending the outcome of a fully dispositive motion to dismiss. See Barnes v. Smith, No. 12 Civ. 1916 (PKC) (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013) ("[G]ood cause may be shown where a party has filed a dispositive motion." (quoting Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120 (LLM) (AJP), 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y. Mar. 7, 1996)); Telesca v. Long Island Hous. P'ship, No. 05 CV 5509 (ADS) (ETB), 2006 U.S. Dist. LEXIS 24311, at *3 (E.D.N.Y. Apr. 27, 2006) (staying discovery). Courts in this circuit "have held 'that a stay of discovery is appropriate [ ] where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.'" Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (quoting In re Currency Conversion Fee Antitrust Litig., No. MDL-1409 (WHP), 2002 U.S. Dist. LEXIS 974, at *4 (S.D.N.Y. Jan. 22, 2002)); see also King v. City of N.Y., Nos. 12-CV-2344 (NGG) (RER), 13-CV-0037 (NGG) (RER), 2014 U.S. Dist. LEXIS 140790 (E.D.N.Y. Sept. 30, 2014) (stay of discovery, including stay of deadline to respond to initial disclosures, was appropriate pending the resolution of motion to dismiss).

In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., No. 13 CV 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-*16 (E.D.N.Y. Mar. 31, 2014); Spencer Trask Software and Info. Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it.") As applied to this case, each of these factors favors a stay of discovery.

### A.     Defendants Have Made a Strong Showing that Plaintiff's Claims Lack Merit

Defendants have raised substantial issues with respect to the viability of Plaintiff's Complaint, which alleges claims of disability discrimination, retaliation, and failure to accommodate under the ADA, NYSHRL, and NYCHRL.  As set forth in more detail (D.E. No. 26), Plaintiff fails to allege any facts showing overt discrimination or discriminatory disparate treatment.  Moreover, Plaintiff fails to plausibly allege discrimination or retaliation because Plaintiff *quit* his employment at a USHG restaurant.  USHG nonetheless reached out to Plaintiff and rehired him into another position at a café, which ended only because of a remodeling of the museum in which the café was located.  USHG again attempted to rehire Plaintiff but Plaintiff limited his requests to two positions, failed to timely apply to one position, and rejected the only other position that he requested (and USHG offered) because he was dissatisfied with the pay.  These are the only reasons Plaintiff's employment ended.  Moreover, Defendants engaged with Plaintiff to address his medical condition and afforded him accommodations; notwithstanding vague and conclusory assertions, Plaintiff does not actually allege facts showing any instance in which he requested an accommodation and someone said "no".  In any event, Plaintiff's requests to be excused from performing the essential functions of his job as a matter of law were not reasonable requests.

Courts regularly stay discovery pending resolution of a Rule 12(b)(6) motion where the defendant, as here, presents substantial arguments in favor of dismissal. See O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709, 2018 U.S. Dist. LEXIS 70418, at *13 (S.D.N.Y. Apr. 26, 2018); Thomas v. N.Y.C. Dep't of Educ., No. 09-CV-5167 (SLT)(RLM), 2010 U.S. Dist. LEXIS 95798, at *8 (E.D.N.Y. Sept. 14, 2010) (stay warranted upon a showing that "at least some of plaintiffs' claims lack[ed] merit"); Spencer, 206 F.R.D. at 368 (stay warranted where "defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.").

### B.     Breadth of Anticipated Discovery and Burden of Responding Favor a Stay

Plaintiff is likely to seek discovery that is exceptionally complex and burdensome. This prospect is particularly onerous given the COVID pandemic, which has significantly impacted finances in the restaurant industry and access to individuals who may no longer be employed. Plaintiff's counsel is likely to serve requests concerning employment practices, policies and complaints throughout USHG's organization, as well as individual personnel files.  Moreover, Plaintiff will seek discovery of electronically stored information, which will likely encompass voluminous data that will have to be gathered, reviewed for responsiveness, and produced.  Conducting ESI

discovery alone generally costs tens of thousands of dollars, even for garden variety discrimination claims.

It is inefficient to compel Defendants to endure time-consuming and expensive discovery that may be rendered moot if the Court grants their Rule 12(b)(6) motion. See Josie-Delerme v. American Gen. Fin. Corp., No. 08-CV-3166 (NG)(MDG), 2009 U.S. Dist. LEXIS 15525, at *2 (E.D.N.Y. Feb. 26, 2009) (stay warranted where resolution of motion may obviate the need for potentially onerous discovery). A stay of discovery is warranted in order to preserve the time and resources of both the Court and the parties. See Telesca, 2006 U.S. Dist. LEXIS 24311, at *6-7 (good cause to stay discovery where defendant would incur "substantial expenses if and/or when discovery is conducted"); U.S. v. Cty. of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("interests of fairness, economy, and efficiency … favor the issuance of a stay of discovery" because "it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention … to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that [the] motion to dismiss is ultimately granted").

Plaintiff's claims are exactly the kind of fishing expedition that Rule 8 prohibits, as the Supreme Court has stated that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). As the Second Circuit noted, "Rule 8 and 12(b)(6) … as interpreted in Twombly and Iqbal, help prevent settlement extortion – using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." Pension Benefit Guar. Corp. v. Morgan Inv. Mgmt., 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted). Allowing to discovery to proceed under the present circumstances is contrary to the Supreme Court and Second Circuit's admonition against imposing asymmetric costs on defendants. It makes sense to wait and see what claims remain, if any, before having the parties and this Court undergo the time, expense and burden of discovery.

### C. A Stay of Discovery Does Not Prejudice Plaintiff

A stay of discovery presents no risk of unfair prejudice to Plaintiff. A delay will not result in a loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. Cf. Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Indeed, courts generally find no prejudice where an action is still in its early stages and discovery has not yet commenced. See Giminez v. Law Offices of Hoffman & Hoffman, Nos. 12-CV-669 (JFB)(ETB), 12-CV-2844 (JFB)(ETB), 2012 U.S. Dist. LEXIS 96168, at *5 (E.D.N.Y. July 11, 2012) (because the "actions are in their infancy [and] [n]o discovery has taken place … there is little prejudice to plaintiffs in staying discovery").

Unless Plaintiff can show specific reasons why he would be prejudiced by a stay, Defendants' request should be granted given the strength of the proposed Rule 12(b)(6) motion and the potential burden that would be imposed if were discovery allowed to proceed. See Spencer, 206 F.R.D. at 368 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").

             Respectfully submitted,

              /s/
             Gary Moy

Cc: Counsel of record (via ECF)

> Discovery is stayed pending disposition of the Defendants' motion to dismiss. The initial pretrial conference scheduled for November 20, 2020, is adjourned sine die. The Court will enter the parties' proposed case management plan.
> SO ORDERED.
>
> *Alison J. Nathan*
> 11/17/2020